[Crim. No. 5826.   Second Dist., Div. One.   Dec. 10, 1956.]

In re REFUGIO GONZALEZ LOZOYA, on Habeas Corpus.

David C. Marcus for Petitioner.

No appearance for Respondent.

THE COURT.—Petitioner has applied to this court for a writ of habeas corpus, alleging that he is unlawfully imprisoned by reason of the fact that the complaint issued against him and under which he is detained charges a crime as to which he has been heretofore tried and acquitted.

The relevant facts are: By a complaint filed in the municipal court of the Los Angeles judicial district, petitioner is charged with violation of section 11500 of the Health and Safety Code, in that he did, on the 17th of May, 1956, willfully and unlawfully have in his possession marijuana. Prior to the issuance of the complaint and petitioner's arrest thereunder, he was indicted by a federal grand jury. The indictment returned by the grand jury was in two counts. In the first count it was charged that on May 17 he unlawfully transferred nine and one-half pounds of marijuana without obtaining a written order on a form issued for that purpose by the Secretary of the Treasury of the United States. By Count II he was charged with being a transferee of marijuana within the meaning of section 4741(a) of title 26, United States Code, and having knowingly and unlawfully acquired and obtained approximately nine and one-half pounds of marijuana without having paid the transfer tax imposed by said section, and that said transaction took place on the 17th of May, 1956.

To this indictment petitioner pleaded not guilty, and upon trial was acquitted on both counts. He alleges in his petition here that the transactions alleged in the federal indictment are the same transactions with which he is charged by the complaint under which he is now charged by the People of this state, and that therefore he has been once in jeopardy and under the provisions of sections 656, 793, 794, and 1023 of the Penal Code of this state his acquittal in the federal court is a bar to the prosecution of this action, and that his prosecution is in violation of his constitutional rights under the Fifth and Fourteenth Amendments to the Constitution of the United States and article I, section 13, of the Constitution of this state.

We find it unnecessary to pass upon the question as to whether petitioner's trial and acquittal of the charges preferred against him by the federal indictment would sustain a defense upon the ground that he had been once in jeopardy upon the same charges as now made in the state court, or to pass upon the question as to whether the acquittal in the federal court is res judicata of the question of his possession of the marijuana in question. (As to res judicata, see *People* v. *Beltran,* 94 Cal.App.2d 197 [210 P.2d 238]; *Sealfon* v. *United States,* 332 U.S. 575 [68 S.Ct. 237, 92 L.Ed. 180]; and "Res Adjudicata in Criminal Cases" (Sept.-Oct. 1951) 26 State Bar J. 366 et seq.)

The defense of once in jeopardy is a special defense

which must be specially pleaded in the manner provided by section 1017, Penal Code, and if not so pleaded it is waived.

Until the defense is pleaded, there is no such issue to be determined either here or in the court below; and the fact, if it be a fact, that the defense of once in jeopardy is available to petitioner, should he be held for trial in the superior court on an information issued by the district attorney, in no wise affords any ground for petitioner's release on habeas corpus (*In re Collins*, 151 Cal. 340, 350 [90 P. 827, 91 P. 397, 129 Am.St.Rep. 122].)

We cannot here, upon habeas corpus, try any of the defenses that may be available to petitioner should he be brought to trial upon the charges now made against him. All of his defenses must be presented in a proper manner to the trial court; and if it errs in the determination of those defenses, that is a matter for appeal.

For the reasons hereinbefore stated, the writ is denied.