[No. S069793. Aug. 12, 1999.]

THE PEOPLE, Plaintiff and Respondent, v.
JAMES THOMAS WILLIAMS, Defendant and Appellant.

## COUNSEL

Edward H. Schulman, under appointment by the Supreme Court, for Defendant and Appellant.

Daniel E. Lungren and Bill Lockyer, Attorneys General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Steven D. Matthews, Anh T. Nguyen, John R. Gorey, Kyle S. Brodie and Christina Russotto, Deputy Attorneys General, for Plaintiff and Respondent.

Kent S. Scheidegger and Denise A. Yates for Criminal Justice Legal Foundation as Amicus Curiae on behalf of Plaintiff and Respondent.

## OPINION

**CHIN, J.**—For over 60 years, this court described the statute of limitations as limiting the court's subject matter jurisdiction and said that trial courts could not proceed in a time-barred case. (E.g., *People* v. *McGee* (1934) 1 Cal.2d 611 [36 P.2d 378] (*McGee*); *People* v. *Chadd* (1981) 28 Cal.3d 739, 756-757 [170 Cal.Rptr. 798, 621 P.2d 837] (*Chadd*).) Accordingly, "this court and the Courts of Appeal have repeatedly held that a defendant may assert the statute of limitations at any time." (*Cowan* v. *Superior Court* (1996) 14 Cal.4th 367, 371 [58 Cal.Rptr.2d 458, 926 P.2d 438] (*Cowan*).) In *Cowan*, we adjusted the rationale of these cases, although not their holdings, to accommodate a situation they did not anticipate. We held that the defendant "may expressly waive the statute of limitations when . . . the waiver is for his benefit" (*id.* at p. 370) and overruled language in prior cases "to the

extent it suggests a court lacks fundamental subject matter jurisdiction over a time-barred criminal action." (*Id.* at p. 374.) We expressly did not decide an issue not presented in that case—"whether we should overrule these cases entirely and hold that the statute of limitations in criminal cases is an affirmative defense, which is forfeited if a defendant fails to raise it before or at trial." (*Ibid.*)

This case does present the question whether we should overrule entirely the previous line of cases. We decline to do so. Although we properly modified some of the broad language in earlier cases to allow a defendant expressly to waive the statute of limitations, we find no strong reason to go to the opposite extreme. We conclude that a defendant may not inadvertently forfeit the statute of limitations and be convicted of a time-barred charged offense. We maintain the rule that if the charging document indicates on its face that the charge is untimely, absent an express waiver, a defendant convicted of that charge may raise the statute of limitations at any time. We leave to future appellate courts to decide other questions not involved here, such as the proper rules to apply to convictions of time-barred lesser offenses when the charged offense is not time-barred.

## I. Procedural History

An information filed April 7, 1995, charged defendant with committing perjury (Pen. Code, § 118) "[o]n or about February 10, 1992." The information contained no additional allegations relevant to whether the statute of limitations barred the action. Defendant pleaded not guilty and later waived a jury trial. After a court trial, the court found defendant guilty as charged and sentenced him to three years in state prison.

On appeal, defendant argued for the first time that the prosecution was time-barred because the information alleged that he committed the offense more than three years before it was filed, and it contained no other facts or tolling allegations that would make the prosecution timely. The Attorney General argued that defendant was too late in asserting the statute of limitations. In addition, citing information outside the appellate record, he claimed that the prosecution was timely because an arrest warrant had issued on January 31, 1995, within the statutory time limit, and delayed discovery tolled the statute of limitations. Citing *Chadd, supra,* 28 Cal.3d at page 758, he urged that at least the prosecution should be allowed to amend the information on remand. The Court of Appeal remanded the matter for a hearing on whether the action was timely. Apparently because defendant had waived a jury trial, it ordered the court to make the determination. It concluded, "If the trial court finds the statute of limitations had run, the court is instructed to vacate the judgment. If the trial court finds the statute of limitations had not yet run, the judgment of conviction shall stand."

We granted the Attorney General's petition to review whether "the statute of limitations in a criminal case is an affirmative defense which is forfeited if not raised before or during trial."

## II. DISCUSSION

■ A prosecution for perjury must be "commenced" within three years after its discovery. (Pen. Code, §§ 126, 801, 803, subd. (c).) The information here was filed more than three years after the date it alleged defendant committed the crime. So far as the information shows, the prosecution was too late. Apparently, no one noticed this problem until the case was on appeal. The prosecutor did not allege facts in the information to avoid the bar, and defendant did not assert the statute of limitations in the trial court. When defendant raised the issue for the first time on appeal, the Attorney General asserted two facts not alleged in the information that, if true, would make the action timely: (1) an arrest warrant, which "commenced" the prosecution (Pen. Code, § 804), issued before the three years expired; and (2) the prosecution commenced within three years after the crime was first discovered.

The Court of Appeal was unable to determine from the appellate record whether the action was, in fact, time-barred, and it remanded for the trial court to make that determination. The Attorney General contends that because defendant did not assert the statute of limitations at trial, he has forfeited his right ever to do so, and that he must remain convicted of a felony and serve a prison sentence even if the prosecution is untimely and should have been dismissed. The Attorney General asks us to overrule a long line of authority holding that a defendant may assert the statute of limitations at any time.

■ "Commencing in 1934, this court and the Courts of Appeal have repeatedly held that a defendant may assert the statute of limitations at any time. (E.g., *People* v. *McGee* (1934) 1 Cal.2d 611, 613 [36 P.2d 378]; *In re Demillo* (1975) 14 Cal.3d 598, 601 [121 Cal.Rptr. 725, 535 P.2d 1181]; *People* v. *Chadd, supra,* 28 Cal.3d at p. 757; *People* v. *Rose* (1972) 28 Cal.App.3d 415, 417 [104 Cal.Rptr. 702].) In *McGee,* we described the issue as '[w]hether the statute of limitations in criminal cases is jurisdictional, or a matter of defense to be affirmatively pleaded by the defendant,' and concluded it is jurisdictional. (*People* v. *McGee, supra,* 1 Cal.2d at p. 613.) A typical discussion is found in *Chadd* . . . : 'In a recent discussion of the matter we reiterated that in criminal cases "in California the statute of limitations constitutes a substantive rather than a procedural right which is

not waived[1] by failure to assert it at the pleading stage. . . . [I]t is now well settled that a conviction, even if based on a plea of guilty, is subject to collateral [or direct] attack if the charge was originally barred by the applicable limitation period," citing *Demillo* and *McGee*. (*People* v. *Zamora* (1976) 18 Cal.3d 538, 547 [134 Cal.Rptr. 784, 557 P.2d 75].) The rule is a reflection of the fundamental principle of our law that "the power of the courts to proceed"—i.e., their jurisdiction over the subject matter—cannot be conferred by the mere act of a litigant, whether it amount to consent, waiver, or estoppel [citations], and hence that the lack of such jurisdiction may be raised for the first time on appeal.' (*People* v. *Chadd, supra,* 28 Cal.3d at p. 757.)" (*Cowan, supra,* 14 Cal.4th at pp. 371-372.)

In *Cowan,* the defendant, facing capital charges, sought to plead guilty to a time-barred lesser offense under a plea bargain. He was willing to waive, i.e., intentionally relinquish, the statute of limitations to avoid the capital charge. We allowed him to do so. Because our previous cases involved questions of forfeiture, not knowing waiver, we did not overrule any of their *holdings*. But we did adjust their rationale "to the extent it suggests a court lacks fundamental subject matter jurisdiction over a time-barred criminal action." (*Cowan, supra,* 14 Cal.4th at p. 374.) We explained that "none of our cases involved a lesser offense to a charged offense such as murder that was not time-barred and over which the court unquestionably *did* have jurisdiction, i.e., the power to proceed. We did not confront facts in which it might be to a defendant's *advantage* to waive the statute of limitations. We had no reason to anticipate a case like this where a rule stated for the defendant's benefit might actually harm the defendant. Our analysis requires a slight adjustment to accommodate the very different factual situation presented here. In this case, because the court had the power to proceed over the *murder* charge, it should also have the power to proceed over a lesser included . . . offense." (*Id.* at p. 373, original italics.)

Because the defendant in *Cowan* wanted to waive the statute of limitations expressly, we did not decide whether to overrule the prior cases' holdings and "hold that the statute of limitations in criminal cases is an affirmative defense, which is forfeited if a defendant fails to raise it before or at trial." (*Cowan, supra,* 14 Cal.4th at p. 374.) Two separate opinions did discuss the question. (*Id.* at pp. 378-383 (conc. opn. of Chin, J.) [arguing against a forfeiture rule], and pp. 383-393 (conc. & dis. opn. of Brown, J.) [arguing

---

[1]We explained in *Cowan* that courts have used the word "waiver" loosely to describe either of two distinct concepts: (1) losing a right by failing to assert it, more precisely called forfeiture; and (2) intentionally relinquishing a known right. (*Cowan, supra,* 14 Cal.4th at p. 371.) In context, the word "waived" quoted here in the text clearly means forfeited. In this opinion, when we mean losing a right by failing to assert it, we will use the term "forfeiture." We will use the term "waiver" only in the sense of intentionally relinquishing a known right.

for a forfeiture rule].) The question is presented here. ██ We now conclude that when the charging document indicates on its face that the action is time-barred, a person convicted of a charged offense may raise the statute of limitations at any time. If the court cannot determine from the available record whether the action is barred, it should hold a hearing or, if it is an appellate court, it should remand for a hearing.[2]

Principles of stare decisis alone caution against swinging from one extreme to another. In *Cowan*, we modified the rationale of our prior cases to adapt it to an unanticipated circumstance, but here the Attorney General asks us to overrule these cases entirely. It has been " 'well settled' " for over 60 years that the statute of limitations cannot be forfeited by the mere failure to assert it. (*Chadd, supra*, 28 Cal.3d at p. 757.) The issue here is not whether we should adopt that rule, but whether we should overrule it. (See *People* v. *Latimer* (1993) 5 Cal.4th 1203, 1212 [23 Cal.Rptr.2d 144, 858 P.2d 611].) No good reason appears to do so.

Creating a new forfeiture rule would be bad policy. The statute of limitations, when applicable, completely bars the prosecution. To allow defendants to lose the protection of the limitation accidentally could mean that persons could languish in prison under convictions that could not have occurred had they merely thought of the statute of limitations in time. For example, suppose a person was charged with a burglary that had occurred 20 years earlier. The information, on its face, makes clear the prosecution is time-barred. The defendant had lived a law-abiding life in the interim. At arraignment, he forthrightly admits his guilt, waives his right to an attorney, and pleads guilty. The next day, he learns of the statute of limitations. We do not believe he should be bound forever. That is what we have repeatedly said for 60 years.

The Attorney General presents a number of arguments why we should adopt a forfeiture rule, none persuasive. In part, the Attorney General "adopts" the reasoning in Justice Brown's concurring and dissenting opinion in *Cowan, supra*, 14 Cal.4th at pages 383-393. As noted in that opinion, most jurisdictions have rejected California's former approach. (*Id.* at p. 389.) We have long recognized that the California rule was different from that of other jurisdictions. (*People* v. *Zamora* (1976) 18 Cal.3d 538, 547, fn. 6 [134 Cal.Rptr. 784, 557 P.2d 75].) But even these jurisdictions do not take a uniform approach. Some have adopted the forfeiture rule the Attorney General urges here. Others require an express waiver, as defendant urges. (See *Cowan, supra*, 14 Cal.4th at p. 389 (conc. & dis. opn. of Brown, J.).)

---

[2]Some of the following discussion is adapted from Justice Chin's concurring opinion in *Cowan, supra*, 14 Cal.4th at pages 378-383.

We believe our long-standing nonforfeiture rule is preferable when the defendant is convicted of the charged offense and the charging document indicates the action is time-barred.

When defendants are represented by counsel, as most are, a forfeiture rule in this situation would be an exercise in futility. Were we to adopt that rule here, for example, this defendant undoubtedly would simply claim counsel was ineffective for not raising the statute of limitations at trial. (See *People v. Pope* (1979) 23 Cal.3d 412, 424-425 [152 Cal.Rptr. 732, 590 P.2d 859, 2 A.L.R.4th 1].) The Attorney General suggests no possible tactical reason for defendant not to seek to have the charge dismissed. Defendants would usually gain indirectly by claiming ineffective assistance of counsel what a forfeiture rule would prevent them from gaining directly. A forfeiture rule would merely add a step to the litigation. Only those who admitted their guilt right away and did not request an attorney could never gain relief. Given a forfeiture rule, those persons could neither assert the statute of limitations nor claim ineffective assistance of counsel because they had no counsel. They would forever have a criminal conviction and might serve a prison sentence in an action that would have been dismissed had they only asked. A rule that achieves these results has little to commend it.

Our concern about ineffective assistance of counsel claims is not merely theoretical. Although there are no examples of such claims in California, where there is no forfeiture rule, they are abundant in other jurisdictions which have a forfeiture rule in theory but not in practice. In *U.S.* v. *Hansel* (2d Cir. 1995) 70 F.3d 6, the defendant pleaded guilty to a time-barred offense. The court held that because, in that jurisdiction, the statute of limitations was an affirmative defense, the defendant could not raise it directly. However, the court allowed the defendant to raise it indirectly: "Hansel's counsel's failure to object to the time-barred counts is unaccountable in the circumstances, and cannot 'be considered sound trial strategy.' . . . Hansel's prejudice is that he pled guilty to two time-barred counts that would have been dismissed, if his attorney had acted competently. Hansel's counsel was therefore ineffective under *Strickland* [v. *Washington* (1984) 466 U.S. 668 [104 S.Ct. 2052, 80 L.Ed.2d 674]], and Hansel's Sixth Amendment right to counsel was thereby impaired. Hansel's waiver of the time-bar defense cannot be deemed knowing and intelligent: we may assume that he would not have pled guilty to counts that he knew to be time-barred." (*U.S.* v. *Hansel, supra,* 70 F.3d at p. 8.)

In *People* v. *Brocksmith* (1992) 237 Ill.App.3d 818 [178 Ill.Dec. 536, 604 N.E.2d 1059], the defendant requested, and the court gave, instructions on a time-barred lesser included offense. The jury convicted the defendant of the

lesser offense. On appeal, the defendant argued the offense was time-barred. The court rejected the argument, finding the defendant had waived, i.e., forfeited, the claim. It therefore affirmed the conviction on direct appeal. (*Id.* at pp. 1064-1065.) However, the court went on to grant postconviction relief because of ineffective assistance of counsel. The defendant alleged that defense counsel "had submitted the instruction on the issue without defendant's informed consent," and "[t]he trial court found that defense counsel had not discussed the statute of limitations with Brocksmith." (*Id.* at p. 1065.) Relying on "the attorney's failure to adequately present facts to the defendant to allow defendant to make an informed decision," the appellate court found that "the decision to submit the lesser offense instruction and thus to waive the statute of limitations was not the product of informed consent." (*Id.* at pp. 1065-1066.) The court found that when a decision to request jury instructions "includes a decision whether to waive a statute of limitation, the defendant must be consulted. The right to waive the statute belongs to the defendant and should not be assumed from the action of counsel in this situation." (*Id.* at p. 1066.) It concluded that "defendant was denied his constitutional right to effective assistance of counsel" and set aside the conviction. (*Ibid.*)

We need not discuss the facts of similar cases. The following cases grant relief on ineffective assistance of counsel grounds even though the defendant had supposedly forfeited the statute of limitations. (*Com.* v. *Barrett* (1994) 14 Mass. 788 [641 N.E.2d 1302, 1306 ]; *People* v. *Gwinn* (1994) 255 Ill.App.3d 628 [194 Ill.Dec. 362, 627 N.E.2d 699]; *State* v. *Wiemer* (1995) 3 Neb.App. 821 [533 N.W.2d 122, 132-134] [ordering an evidentiary hearing]; *Com.* v. *Groff* (1988) 378 Pa.Super. 353 [548 A.2d 1237, 1244-1248].) In *U.S.* v. *Oliva* (3d Cir. 1995) 46 F.3d 320, 325, the court found the statute of limitations claim had been waived and left the claim of ineffective assistance for a collateral proceeding. We see no good reason to invite the development of a similar jurisprudence in California.

The Attorney General analogizes the statute of limitations to the rule against double jeopardy, and quotes an early case that was cited in *McGee, supra,* 1 Cal.2d at page 613: "The statement of former acquittal is no different in law than a statement that the statute of limitations had run on the crime, the result of both being that defendant could not thereafter be prosecuted for the offense whether originally guilty or not." (*People* v. *Hoffman* (1933) 132 Cal.App. 60, 62-63 [22 P.2d 229].) ■ "But," the Attorney General notes, "double jeopardy has long been a defense which can be forfeited by failing to assert it at trial. (See *People* v. *Scott* (1997) 15 Cal.4th 1188, 1201 [65 Cal.Rptr.2d 240, 939 P.2d 354].)" It is true that if the defendant does not assert a double jeopardy claim at trial, it "is 'technically'

not cognizable on appeal." (*People* v. *Scott* (1997) 15 Cal.4th 1188, 1201 [65 Cal.Rptr.2d 240, 939 P.2d 354].) In *Scott* and other cases, we considered the double jeopardy claim on the merits indirectly through a claim of ineffective assistance of counsel. (*Ibid.,* and cases cited.)

A significant difference exists, however, between double jeopardy and statutes of limitations, which compels the forfeiture rule for the former but not the latter. Penal Code sections 1016 and 1017 require the defendant to plead double jeopardy as an affirmative defense. These statutes form the basis of the double jeopardy forfeiture rule. (*In re Harron* (1923) 191 Cal. 457, 467 [217 P. 728]; *In re Lozoya* (1956) 146 Cal.App.2d 702, 703-704 [304 P.2d 156].) No similar statutory provision exists for statute of limitations claims; the Legislature has not enacted one in the sixty years since we decided *McGee, supra,* 1 Cal.2d 611. We decline to do what the Legislature has not done in all that time. If the Legislature wants to adopt a forfeiture rule, it can do so at any time.

Justice Brown's opinion in *Cowan* argued that "Since *McGee* was decided, the determination of whether the statute of limitations applies in a given case has become an extraordinarily complex and time-consuming task, often requiring both factual development and the resolution of difficult legal issues," and "[g]iven the complexities of our modern criminal statutes of limitations, without an adequate record, the trial court cannot properly assess issues arising under the statutes, and meaningful appellate review is virtually impossible." (*Cowan, supra,* 14 Cal.4th at pp. 387, 388 (conc. & dis. opn. of Brown, J.).) We agree on the need for an adequate record. ▮▮ The record here is utterly inadequate. No reviewing court can meaningfully assess whether the statute of limitations had expired or whether counsel was ineffective for not raising the issue. Either an express waiver of the statute of limitations or a charging document that contains allegations making the action timely would aid the reviewing court's task immensely.

Moreover, the problem here is limited to those cases in which the prosecution files a charging document that, on its face, indicates the offense is time-barred. ▮▮ "[W]here the pleading of the state *shows that the period of the statute of limitations has run,* and nothing is alleged to take the case out of the statute, for example, that the defendant has been absent from the state, the power to proceed in the case is gone." (*McGee, supra,* 1 Cal.2d at pp. 613-614, italics added.) *McGee* does not apply to an information that, as it should, either shows that the offense was committed within the time period or contains tolling allegations. Although, under our cases, defendants may not forfeit the statute of limitations if it has expired as a matter of law, they may certainly lose the ability to litigate factual issues such as questions of tolling.

This point was explained in *People* v. *Padfield* (1982) 136 Cal.App.3d 218 [185 Cal.Rptr. 903]. There the information alleged discovery of the crime within the limitations period, an allegation that, if true, would make the prosecution timely. The defendant pleaded nolo contendere, then sought to assert the statute of limitations on appeal. While recognizing the *McGee* line of cases, the appellate court held the defendant had waived his right to litigate the factual question whether the offense was time-barred. "[W]hen the pleading is facially sufficient, the issue of the statute of limitations is solely an evidentiary one. The sufficiency of the evidence introduced on this issue does not raise a question of jurisdiction in the fundamental sense." (*People* v. *Padfield, supra,* 136 Cal.App.3d at p. 226.) "By pleading nolo contendere, defendant admitted the sufficiency of the evidence establishing that the statute of limitations was tolled . . . . Having admitted the sufficiency of that evidence by his plea, he cannot now challenge it with a forked tongue on appeal." (*Id.* at p. 227; see also *People* v. *Lewis* (1986) 180 Cal.App.3d 816, 821 [225 Cal.Rptr. 782] [" 'Nothing in the case law requires reversal or retrial for jurisdictional defects when those defects are as a matter of law cured on the undisputed record. . . . To decide otherwise in this case would be to require further proceedings at the trial level which could be of no legal benefit to the appellant but which would most certainly waste his time and the taxpayers' money.' " (Quoting *People* v. *Posten* (1980) 108 Cal.App.3d 633, 648-649 [166 Cal.Rptr. 661].)].)[3]

The Attorney General argues that "[r]equiring a defendant to raise the limitations defense in the trial court will encourage the parties to focus on the issue at that level, where an adequate record can be developed." But our long-standing rule requiring the *prosecution* to file a charging document that is not, on its face, time-barred also encourages the parties to focus on the issue at that level. In a similar vein, the Attorney General complains that "principles of due process are violated when a conviction is vacated based on a ground to which the People have no opportunity to respond." However, the prosecutor has full control over the charging document. Here, the district attorney could easily have alleged in the information either that an arrest warrant issued before the time period had expired, or that the action was filed timely after discovery of the crime, or both (assuming either allegation is factually supported). The silent record is partly the defendant's fault for not raising the issue at trial. It was, however, the prosecution's fault in the first instance for filing an information that, on its face, was untimely. In that situation, the fairest solution is to remand the matter to determine whether the action is, in fact, timely.

---

[3]This case presents no issue regarding the rules to apply when the defendant does assert the statute of limitations at trial. A variety of issues may arise in many different factual contexts. We leave these questions to future courts.

The Attorney General and supporting amicus curiae Criminal Justice Legal Foundation argue that a forfeiture rule would avoid "gamesmanship," and that without such a rule defense counsel might "sandbag" the trial court. We see no significant potential for gamesmanship or sandbagging when the defendant is convicted of a charged offense that the charging document indicates is untimely.[4] If the instant action is, in fact, time-barred and should have been dismissed long ago, defendant has not gained by his delay in asserting the claim. Similarly, if on remand, the trial court determines the action is not time-barred, the conviction will stand despite the prosecution's error in filing an information that appeared time-barred—again, resulting in no benefit to defendant.

The "gamesmanship" argument is generally made in the context of convictions of time-barred lesser offenses when the charged offense is timely. (See *Cowan, supra,* 14 Cal.4th at p. 392 (conc. & dis. opn. of Brown, J.); dis. opn. of Brown, J., *post,* at p. 350.) Although *McGee* itself applied only "where the pleading of the state shows that the period of the statute of limitations has run" (*McGee, supra,* 1 Cal.2d at p. 613), some intermediate appellate court decisions have extended its rule to convictions of lesser offenses. (See *Cowan, supra,* 14 Cal.4th at pp. 385-387 (conc. & dis. opn. of Brown, J.).) Conviction, by plea or otherwise, of a lesser offense than the one charged involves separate concerns and problems not present here. Issues regarding lesser offenses may arise in a variety of factual contexts. We express no opinion on the proper resolution of any such questions but leave them for future appellate courts to decide in cases that actually present them. Today's decision involves only a conviction of a charged offense that, so far as the face of the charging document shows, is untimely.[5]

---

[4]In the middle of a paragraph discussing conviction of time-barred *lesser* offenses, Justice Brown describes this statement as "myopic." (Dis. opn. of Brown, J., *post,* at p. 350.) But she does not suggest how there could be sandbagging or gamesmanship when the defendant is convicted of a *charged* offense, which is all this case involves. As noted in the next paragraph of the text, conviction of lesser offenses presents different questions, on which we express no opinion.

[5]In *Cowan,* we advised "trial courts and prosecutors that whenever a defendant seeks to plead guilty to, or a court considers whether to instruct the jury on, a lesser offense, they should determine whether there may be a problem with the statute of limitations regarding that offense. If so, the court should elicit a waiver of the statute as a condition of the guilty plea or giving the instruction." (*Cowan, supra,* 14 Cal.4th at pp. 376-377.) This advice remains good. At the least, an express waiver would forestall some claims of ineffective assistance of counsel and help courts assess any claims actually made. We leave to future courts, however, to decide the legal significance of the absence of an express waiver following conviction of a time-barred lesser offense.

### III. CONCLUSION

We affirm the judgment of the Court of Appeal.

George, C. J., Mosk, J., Baxter, J., and Werdegar, J., concurred.

**KENNARD, J.,** Dissenting.—Deciding an issue left unresolved in *Cowan* v. *Superior Court* (1996) 14 Cal.4th 367 [58 Cal.Rptr.2d 458, 926 P.2d 438], the majority holds that a criminal defendant claiming the statute of limitations has expired on a charged offense may assert the claim at any time, even as late as on appeal after conviction, as defendant did here. I disagree.

In *Cowan*, I joined Justice Brown's concurring and dissenting opinion which, consistent with the prevailing trend in other jurisdictions and for "sound practical and public policy reasons," concluded that the statute of limitations is an affirmative defense. (*Cowan* v. *Superior Court, supra,* 14 Cal.4th at pp. 387, 389 (conc. and dis. opn. of Brown, J.).) The defense is forfeited if not asserted before or at trial (thus allowing the prosecution a fair opportunity to respond). (*Id.* at p. 384.)

I would apply that reasoning to this case and hold that defendant failed to timely assert his claim and therefore may not now raise it.

**BROWN, J.,** Dissenting.—I would hold the statute of limitations is an affirmative defense forfeited by a defendant if not raised in the trial court. I therefore respectfully dissent.

I have already delineated what I perceive to be compelling considerations weighing in favor of a forfeiture rule in *Cowan* v. *Superior Court* (1996) 14 Cal.4th 367, 383-393 [58 Cal.Rptr.2d 458, 926 P.2d 438] (conc. and dis. opn. of Brown, J.). There is no need to reiterate those factors here. Rather, I simply note the reasons I remain unpersuaded by the majority's conclusion.

The majority contends "[c]reating a new forfeiture rule would be bad policy" because the "statute of limitations, when applicable, completely bars the prosecution. To allow defendants to lose the protection of the limitation accidentally could mean that persons could languish in prison under convictions that could not have occurred had they merely thought of the statute of limitations in time." (Maj. opn., *ante*, at p. 341.) This is arguably true of any meritorious defense. Nevertheless, in our justice system we require defendants to affirmatively raise defenses for full exploration in the trial court. The same should obtain here. More importantly, a defendant who fails to raise the statute of limitations and is convicted of the underlying offense is not

made less culpable of that offense because the time for prosecution may have run. The statute of limitations " 'constitutes no part of the crime itself.' " (*People* v. *Crosby* (1962) 58 Cal.2d 713, 723 [25 Cal.Rptr. 847, 375 P.2d 839].) Rather, it is simply a policy determination by the Legislature. Accordingly, failure to raise such a defense is similar to the failure to challenge the legality of a search, the peremptory strikes of a prosecutor, the voluntariness of a confession, or prosecutorial misconduct. In all of these cases, we have held that the failure to object or otherwise raise the issue generally forfeits the claim on appeal. (*People* v. *Williams* (1999) 20 Cal.4th 119, 136 [83 Cal.Rptr.2d 275, 973 P.2d 52]; *People* v. *Turner* (1994) 8 Cal.4th 137, 171-172 [32 Cal.Rptr.2d 762, 878 P.2d 521]; *People* v. *Berryman* (1993) 6 Cal.4th 1048, 1072 [25 Cal.Rptr.2d 867, 864 P.2d 40], overruled on other grounds in *People* v. *Hill* (1998) 17 Cal.4th 800, 823, fn. 1 [72 Cal.Rptr.2d 656, 952 P.2d 673]; *People* v. *Mayfield* (1993) 5 Cal.4th 142, 172 [19 Cal.Rptr.2d 836, 852 P.2d 331].)

The majority concedes most jurisdictions have rejected what it calls California's "former approach." (Maj. opn., *ante*, at p. 341.) As a preliminary matter, by concluding defendant can raise the statute of limitations at any time, the majority does not stray far from *McGee*'s jurisdictional holding. (*People* v. *McGee* (1934) 1 Cal.2d 611, 613 [36 P.2d 378]; see maj. opn., *ante*, at pp. 339, 340.) Moreover, the majority does not discuss the validity of the analytical underpinnings that prompted some of these jurisdictions to adopt a forfeiture rule. Rather, whatever the justification for such a rule in law and reason, the majority claims such a rule would be "futil[e]" because defendants will simply achieve the same result by making a claim of ineffective assistance of counsel. (Maj. opn., *ante*, at p. 342.)

We have wisely rejected such fatalistic reasoning before. In *People* v. *Scott* (1994) 9 Cal.4th 331 [36 Cal.Rptr.2d 627, 885 P.2d 1040], we held that complaints regarding the manner in which the trial court exercises its sentencing discretion and articulates its supporting reasons were forfeited unless challenged at the time of sentencing. (*Id.* at pp. 348, 356.) In response to the defendant's argument that such a forfeiture rule would not promote judicial economy because any sentencing error would simply be raised on habeas corpus, presumably under the rubric of ineffective assistance of counsel, we said: "Taken to its extreme, . . . this argument would theoretically excuse the defense from objecting to *any* error committed during a criminal trial, including evidentiary error. Existing law does not support so radical a view. The point is that by encouraging counsel to intervene at the time sentencing choices are made, we hope to reduce the number of issues raised in the reviewing court in *any* form." (*Id.* at p. 356, fn. 18, original italics.) Similarly, a forfeiture rule in the statute of limitations context

encourages defendant and defense counsel to decide before or during trial whether to assert the defense.

Moreover, under the majority's approach, a facially valid statute of limitations claim results in per se reversal. Under a forfeiture rule, a defendant's collateral attack must do far more than merely incant the words "statute of limitations" for a conviction to be reversed. A defendant must demonstrate the attorney's performance fell below an objective standard of reasonableness, and a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. (*Strickland* v. *Washington* (1984) 466 U.S. 668, 688, 694 [104 S.Ct. 2052, 2064-2065, 2068-2069, 80 L.Ed.2d 674].) Here, for example, the Attorney General asserts two reasons why the statute of limitations does not bar the conviction. Thus, the "tactical reason" for not seeking to have the charge dismissed was perhaps that there was no meritorious statute of limitations defense. (Maj. opn., *ante*, at p. 342.) Defendant was sentenced to only three years in prison, and given credit at sentencing for over two years. By waiting to assert the claim on appeal, defendant gambled that either his conviction would be reversed outright, or reversed and remanded for an evidentiary hearing, a hearing the People at that point might well decline to pursue. (See *People* v. *Chadd* (1981) 28 Cal.3d 739, 758 [170 Cal.Rptr. 798, 621 P.2d 837]; *People* v. *Morgan* (1977) 75 Cal.App.3d 32, 35-38 [141 Cal.Rptr. 863]; *People* v. *Rose* (1972) 28 Cal.App.3d 415, 417-418 [104 Cal.Rptr. 702].) In any event, because defendants often have valid strategic reasons for not raising the statute of limitations, there is no reason to believe ineffective assistance of counsel claims would be any more successful or automatic in the statute of limitations context than in any of the many other areas in which we routinely apply forfeiture rules.

More critically, in cases involving lesser included offenses which are time-barred, the "possible tactical reason" for not raising the statute of limitations is obvious. Under the majority's "nonforfeiture" rule, a defendant could remain silent in the hope he would be convicted of the lesser included offense. (Maj. opn., *ante*, at p. 342.) If so, on appeal he could assert the statute of limitations and have the conviction reversed. For example, in *People* v. *Rose, supra*, 28 Cal.App.3d at page 416, the defendant was charged with murder. The trial court instructed the jury on both murder and the lesser offense of voluntary manslaughter. (*Ibid.*) After the defendant was convicted of voluntary manslaughter, the Court of Appeal, on its own motion, reversed the conviction on statute of limitations grounds. (*Id.* at pp. 416-418.) The court acknowledged that "the state of the record may be the result of defense strategy pointed at preventing the jury from having to choose between murder and acquittal." (*Id.* at p. 417.) Nonetheless, citing

*People* v. *McGee, supra*, 1 Cal.2d 611, the court concluded that "the conviction is jurisdictionally defective and must be reversed." (*People* v. *Rose, supra*, 28 Cal.App.3d at p. 417.) In *People* v. *Morgan, supra*, 75 Cal.App.3d at pages 35-37, the Court of Appeal reached a similar conclusion with respect to an involuntary manslaughter conviction. These same results will obtain under the majority's rule. Thus the majority's assertion that they "see no significant potential for gamesmanship or sandbagging when the defendant is convicted of a charged offense that the charging document indicates is untimely," is nothing short of myopic. (Maj. opn., *ante*, at p. 346, fn. omitted.) While the majority attempts to leave to another day the question of lesser included offenses (*id.*, at p. 346), the implications of the rule it affirms are in fact unavoidable.

Along these lines, the majority contends that "our long-standing rule requiring the prosecution to file a charging document that is not, on its face, time-barred . . . encourages the parties to focus on the issue at that level." (Maj. opn, *ante*, at p. 345, italics omitted.) This judge-made rule seems, however, inconsistent with the Legislature's liberal pleading requirements. For example, Penal Code section 950 provides that an "accusatory pleading must contain" only the title of the action, specifying the name of the court and the parties, and "[a] statement of the public offense or offenses charged therein." Similarly, Penal Code section 955 states, "The precise time at which the offense was committed *need not be stated in the accusatory pleading,* . . . except where the time is a material ingredient in the offense." (Italics added.) While this court may have concluded that an allegation regarding the statute of limitations is "material," such a conclusion appears inconsistent with its recognition that the statute of limitations " 'constitutes no part of the crime itself.' " (*People* v. *Crosby, supra*, 58 Cal.2d at p. 723.) Indeed, the Legislature does not even require the prosecution to charge lesser included offenses; this court, however, requires not only their allegation, but a description of why they are not time-barred. (Pen. Code, § 1159; *People* v. *Birks* (1998) 19 Cal.4th 108, 118 [77 Cal.Rptr.2d 848, 960 P.2d 1073].) The purpose of the charging document is to put the defendant on notice of what crimes he is accused of committing, not to litigate a particular defense. (See Pen. Code, § 952 [statement of offense may be "in any words sufficient to give the accused notice of the offense of which he is accused"]; *People* v. *Ortega* (1998) 19 Cal.4th 686, 698 [80 Cal.Rptr.2d 489, 968 P.2d 48]; cf. *People* v. *Chadd, supra*, 28 Cal.3d at p. 758 ["An amendment adding allegations tolling the statute of limitations does not 'change the offense charged' "].) Once a defendant is on notice of those crimes, he should be required to raise whatever defense is appropriate, including the statute of limitations.

For these reasons, I would reverse the judgment of the Court of Appeal. I am disinclined to "perpetuate[] dubious law for no better reason than that it

exists . . . ." (*Crowley* v. *Katleman* (1994) 8 Cal.4th 666, 696 [34 Cal.Rptr.2d 386, 881 P.2d 1083] (dis. opn. of Arabian, J.).)