MOSK, J.
I concur in the opinion of the court.
I do so because I find the following propositions implicit in the court’s analysis.
First, what is called “waiver” (maj. opn., ante, at p. 852) is, strictly speaking, forfeiture by a party in failing to preserve a claim of error for review on appeal. (See generally People v. Williams (1999) 21 Cal.4th 335, 340, fn. 1 [87 Cal.Rptr.2d 412, 981 P.2d 42]; Cowan v. Superior Court (1996) 14 Cal.4th 367, 371 [58 Cal.Rptr.2d 458, 926 P.2d 438].)
Second, forfeiture does not prohibit an appellate court from reaching a nonpreserved claim, but merely allows it not to do so. (See generally People v. Williams (1998) 17 Cal.4th 148, 161-162, fn. 6 [69 Cal.Rptr.2d 917, 948 P.2d 429].)
*855 Third, forfeiture nevertheless counsels an appellate court not to reach a nonpreserved claim when it has resulted in a void in the record that the court itself cannot or should not fill.