**Vassar SMITH, Petitioner–Appellant,**

v.

**Stuart J. RYAN, Warden, Respondent–Appellee.**

No. 05–16072.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 16, 2006.

Filed Feb. 5, 2007.

Dennis P. Riordan, Esq., Donald M. Horgan, Esq., Riordan & Horgan, San Francisco, CA, for Petitioner–Appellant.

Peggy S. Ruffra, Esq., Jeffrey M. Laurence, Esq., AGCA—Office of the California Attorney General (SF), San Francisco, CA, for Respondent–Appellee.

Before: CANBY, COX,* and PAEZ, Circuit Judges.

* The Honorable Emmett Ripley Cox, Senior United States Circuit Judge for the Eleventh

## MEMORANDUM **

Vassar Smith ("Smith") appeals the district court's denial of his 28 U.S.C. § 2254 petition for habeas corpus. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and we affirm.

We "review de novo a district court's order to grant or deny a petition for writ of habeas corpus." *Lopez v. Thompson*, 202 F.3d 1110, 1116 (9th Cir.2000). Because the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") applies to Smith's petition, we may grant relief only if "the adjudication of the claim ... resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). A state court decision is "contrary to" that law if it "applies a rule that contradicts the governing law set forth in [Supreme Court] cases." *Lockyer v. Andrade*, 538 U.S. 63, 73, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003). A decision is an "unreasonable application" of that law "if the state court identifies the correct governing legal principle ... but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 75, 123 S.Ct. 1166 (citation omitted). That the state court decision is "incorrect[ ]" is insufficient to warrant relief; the decision must be "objectively unreasonable." *Id.* As the "last reasoned decision" of the state courts in this case, we review the opinion of the California Court of Appeal. *Pham v. Terhune*, 400 F.3d 740, 742 (9th Cir.2005).

1. *Due Process Right to a Jury Determination on the Statute of Limitations*

■ Smith claims that he was denied his due process right to have the jury determine whether the charged offenses fell within the statute of limitations because under California law statutes of limitations are elements of the offense, because California law gave him an unqualified state-created liberty interest in a jury determination of the issue, and because the federal constitution protects his right to that determination as well. We reject all these contentions.

First, the California Court of Appeal explicitly held that "the statute of limitations is not an element of the offense." We are "bound by [state court] constructions" of state law "except in extreme circumstances." *Mullaney v. Wilbur*, 421 U.S. 684, 691 & nn. 10, 11, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975). This deference extends to state appellate courts "unless [we are] convinced by other persuasive data that the highest court of the state would decide otherwise." *Hicks v. Feiock*, 485 U.S. 624, 629–30 & n. 3, 108 S.Ct. 1423, 99 L.Ed.2d 721 (1988). Here, we are not so convinced, because the California Supreme Court itself has noted that "the statute of limitations is not 'an element' of the offense insofar as the 'definition' of criminal conduct is concerned." *People v. Frazer*, 21 Cal.4th 737, 88 Cal.Rptr.2d 312, 982 P.2d 180, 195 n. 22 (1999), *overruled on other grounds by Stogner v. California*, 539 U.S. 607, 123 S.Ct. 2446, 156 L.Ed.2d 544 (2003) (citation omitted)[1]; *see Rende-*

---

Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Cir. R. 36–3.

1. We reject Smith's contention that, even if statutes of limitations are not now elements under California law, they were universally considered an element until the mid–1990s,

and therefore retroactive application violates the due process analog of the Ex Post Facto Clause. *See Bouie v. City of Columbia*, 378 U.S. 347, 352, 84 S.Ct. 1697, 12 L.Ed.2d 894 (1964). Contrary to Smith's assertion, the California Supreme Court has stated the law did *not* change in this regard. *Frazer*, 88 Cal.Rptr.2d 312, 982 P.2d at 195 n. 22.

*ros v. Ryan,* 469 F.3d 788, 795–97 (9th Cir.2006) (confirming that statutes of limitations as defined by California law are not elements of the offense protected by federal due process).

Second, the California Court of Appeal did not unreasonably apply Supreme Court law identifying a federal due process interest in unqualified state-created rights, *see Hicks v. Oklahoma,* 447 U.S. 343, 346, 100 S.Ct. 2227, 65 L.Ed.2d 175 (1980), when it failed *sua sponte* to instruct Smith's jury on the statute of limitations. The federal due process clause is not implicated here because a state-created right is not unqualified where state law allows appellate courts to "cure the deprivation" through "harmless error" review. *Clemons v. Mississippi,* 494 U.S. 738, 746–47, 110 S.Ct. 1441, 108 L.Ed.2d 725 (1990). In this case, the Court of Appeal held that it could cure the defect through harmless error review and an independent review of the record to determine whether the prosecution was time-barred. Because we are not convinced that the California Supreme Court would decide otherwise, we must defer to the appellate court. *Cf. People v. Williams,* 21 Cal.4th 335, 87 Cal.Rptr.2d 412, 981 P.2d 42, 45 (1999) (holding that "[i]f the [appellate] court *cannot* determine from the available record whether the action is barred, it should ... remand for a hearing") (emphasis added).[2]

Third, the California Court of Appeal's decision was not contrary to or an unreasonable application of a federal constitutional right to a jury determination because the Supreme Court has not established clear law on this issue. *See Davis v. Grigas,* 443 F.3d 1155, 1158 (9th Cir.2006). We have found no Supreme Court decision that precludes a state appellate court from determining on the basis of the record, and by a preponderance of the evidence, that a criminal charge fell within the applicable statute of limitations. Smith relies on *Yates v. United States,* 354 U.S. 298, 312, 327, 77 S.Ct. 1064, 1 L.Ed.2d 1356 (1957), *overruled on other grounds by Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), which reversed a federal conviction because the jury was instructed on two charges, one of which was time barred. Here, however, the California Court of Appeal found that, under California law, the charges against Smith were *not* time-barred. *Yates,* therefore, is inapposite.

### 2. *Jury Instruction on Consideration of Uncharged Conduct*

At trial, the judge instructed Smith's jury pursuant to CALJIC 2.50.01 (1999) and 2.50.1 (1997), which inform the jury that it may find that the defendant committed past sexual offenses by a preponderance of the evidence, and use those findings as part of a determination that the defendant committed the crime for which he stands accused. Where a jury instruction "consists of a misdescription of the burden of proof, [it] vitiates *all* the jury's findings" and reversal is automatically required, without performing a harmless error analysis. *Sullivan v. Louisiana,* 508 U.S. 275, 281, 113 S.Ct. 2078, 124 L.Ed.2d

---

**2.** Contrary to Smith's contention, applying *Williams* to Smith's case does not violate *Bouie,* even if *Williams* did announce a new rule. *Bouie* emphasized fair notice of the criminality of an act in order to "afford[ ] an opportunity to engage in [ ] speculation ... [about a statute's meaning] before committing the act in question." *Bouie,* 378 U.S. at 352,

84 S.Ct. 1697. Here, no law or decision expanded Smith's criminal liability or the time within which he could be prosecuted; instead, any change of law involved the right to a particular jury determination, a topic unrelated to *Bouie's* fair notice concerns. *See id.*

182 (1993). On the other hand, if a jury instruction is "ambiguous," we must ask "whether there is a reasonable likelihood that the jury has applied the challenged instruction in a way that violates the Constitution." *Estelle v. McGuire,* 502 U.S. 62, 72, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) (citation omitted).

■ The jury instructions read at Smith's trial were ambiguous because 2.50.01 told the jury not to rely solely on past crimes proven by a preponderance of the evidence, but did not then explain how to use those past crimes in determining present guilt. *Cf. Gibson v. Ortiz,* 387 F.3d 812, 822 (9th Cir.2004) (holding a prior, 1996 version of CALJIC 2.50.01 unconstitutional because it unambiguously "told the jury" it could find guilt based on a preponderance of the evidence). Smith forcefully argues that the California Court of Appeal erred in finding these instructions were not reasonably likely to confuse the jurors; he asserts that the instructions unconstitutionally suggest that "a conviction is permitted so long as there is *some other evidence* connecting the defendant to the crime, even if neither the prior crime nor the other evidence is proven true beyond a reasonable doubt."

However, we cannot conclude that the Court of Appeal's decision was objectively unreasonable under AEDPA. The instructions given were not unlike those the Supreme Court upheld in *Estelle. See* 502 U.S. at 71, 75, 112 S.Ct. 475. Therefore, any error is insufficient to warrant habeas relief. *See Brown v. Payton,* 544 U.S. 133, 147, 125 S.Ct. 1432, 161 L.Ed.2d 334 (2005) (holding that the California Supreme Court's decision that a jury was not reasonably likely to think it could not consider post-conviction mitigation evidence when given a general jury instruction to consider all mitigation evidence, although perhaps

"erroneous," was not unreasonable under AEDPA).

**AFFIRMED.**