Filed 11/22/13  P. v. Villalba CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E057151 |
| v. | (Super.Ct.No. FWV1101313) |
| RUBEN OCAMPO VILLALBA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Jon D. Ferguson, Judge.  Conditionally reversed and remanded with directions.

Siri Shetty, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson and Lynne G. McGinnis, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant Ruben Ocampo Villalba was convicted on three counts of unpremeditated attempted murder arising out of a single incident which took place on February 29, 2004. Defendant was first charged with the crimes by the filing of a felony complaint on May 16, 2011. This is more than seven years after the crimes were committed and thus beyond the applicable six-year statute of limitations. Defendant contends that because the charging documents—the complaint and the subsequent information—indicate on their faces that the prosecution is time-barred and neither the complaint nor the information alleged any facts which might have tolled the statute of limitations, his conviction must be reversed and the charges dismissed.

The Attorney General agrees that the prosecution appears to be time-barred, but contends that because the issue was not litigated below, the record is insufficient to support a determination that no facts exist which would toll the statute of limitations. Accordingly, the Attorney General requests that we remand the matter to the trial court for an evidentiary hearing in which the issue may be litigated.

We agree with the Attorney General.

PROCEDURAL HISTORY

Defendant was tried on an information which charged three counts of attempted murder committed on February 29, 2004, with no allegation of premeditation and deliberation. (Pen. Code, §§ 664, 187, subd. (a).)[1] The information also alleged as to all

---

[1] All further statutory citations refer to the Penal Code.

2

counts that defendant personally used and discharged a handgun, causing great bodily injury or death. (§ 12022.53, subds. (b), (c) & (d).)

A jury found defendant guilty as charged and found the gun use allegations true. The court sentenced defendant to an aggregate term of 84 years eight months to life in state prison.

Defendant filed a timely notice of appeal.

FACTS

The facts underlying the conviction are for the most part not germane to the issue raised on appeal. Accordingly, a brief statement will suffice.

On February 29, 2004, defendant and the victim, Juan Gabriel Romero, lived in a residence in Ontario, along with several other people, including defendant's brother Uriel Salgado De La Paz and his cousin Mario Gutierrez. On that date, Romero got into an argument with De La Paz. Punches were thrown, and defendant and Gutierrez joined in, and the three men punched and kicked Romero. The fight ended on its own, but someone called the police. However, Romero did not press charges because his wife did not want him to.

A short while later, Romero called his brother Juan Reynoso and told him that he had been "jumped" and beaten up by defendant and defendant's brother and cousin. Reynoso and his two brothers drove to Romero's house. Reynoso punched defendant. Defendant fell down and Reynoso kicked him. Then he saw defendant's cousin coming toward him with a two-by-four. When he looked back toward where defendant had been, he saw that defendant was gone.

3

Defendant went into the house and came out holding a small revolver. He pointed the gun at Romero's brother Gerardo Reynoso and said, "You're going to die, faggot" or "You're going to die, fool." He shot Gerardo in the chest and then shot at Juan Reynoso, hitting him in the arm. Romero walked up to defendant and tried to knock the gun out of his hand, but defendant aimed the gun at his chest and shot him. All three men ultimately recovered from their wounds.

The police were called and responded, but defendant, De La Paz and Gutierrez were gone.

More than seven years later, on May 9, 2011, Romero went to the police station and told police that defendant was the one who shot him. A detective used a photo Romero provided and created a six-pack photo lineup. Romero and his brother Juan identified defendant from the lineup as the shooter. A warrant was issued for defendant's arrest. Defendant was arrested in August 2011.

## DISCUSSION

### THE CAUSE MUST BE REMANDED TO THE TRIAL COURT FOR A DETERMINATION AS TO WHETHER THE PROSECUTION WAS TIME-BARRED

*Introduction.*

"The statute of limitations, when applicable, completely bars [a] prosecution." (*People v. Williams* (1999) 21 Cal.4th 335, 341.) When the charging document "indicates on its face that the action is time-barred, a person convicted of a charged offense may raise the statute of limitations at any time." (*Ibid*.)

4

*Unpremeditated Attempted Murder Is Subject to a Six-Year Statute of Limitations.*

"For the purpose of determining the applicable limitation of time pursuant to this chapter: [¶] (a) An offense is deemed punishable by the maximum punishment prescribed by statute for the offense, regardless of the punishment actually sought or imposed." (§ 805.) The basic felony statute of limitations is three years. (§ 801.) However, if a felony is punishable for a maximum term of eight years or more but less than life in prison, the statute of limitations is six years. For a crime punishable by death or life imprisonment, there is no limitation on the commencement of prosecution. (§§ 799, 800.)

Unpremeditated attempted murder is punishable by a prison term of five, seven or nine years, while willful, deliberate and premeditated attempted murder is punishable by life in prison with the possibility of parole. (§ 664, subd. (a);[2] see *Anthony v. Superior Court* (2010) 188 Cal.App.4th 700, 704-705.) In order for the greater penalty to apply, the charging document must specifically allege premeditation and deliberation. (Pen.

---

[2] Section 664, subdivision (a), provides: "If the crime attempted is punishable by imprisonment in the state prison, or by imprisonment pursuant to subdivision (h) of Section 1170, the person guilty of the attempt shall be punished by imprisonment in the state prison or in a county jail, respectively, for one-half the term of imprisonment prescribed upon a conviction of the offense attempted. *However, if the crime attempted is willful, deliberate, and premeditated murder, as defined in Section 189, the person guilty of that attempt shall be punished by imprisonment in the state prison for life with the possibility of parole. If the crime attempted is any other one in which the maximum sentence is life imprisonment or death, the person guilty of the attempt shall be punished by imprisonment in the state prison for five, seven, or nine years. The additional term provided in this section for attempted willful, deliberate, and premeditated murder shall not be imposed unless the fact that the attempted murder was willful, deliberate, and premeditated is charged in the accusatory pleading and admitted or found to be true by the trier of fact.*" (Italics added.)

5

Code, § 664, subd. (a); *People v. Smith* (2005) 37 Cal.4th 733, 740.)  Here, the information did not allege premeditation and deliberation.  Because the charged offense carries a maximum punishment greater than eight years but less than life in prison, it is subject to a six-year statute of limitations.  (§§ 799, 800.)

*The Information Indicates on Its Face That the Prosecution Is Time-barred.*

For purposes of section 800, a felony prosecution is commenced when an indictment or information is filed, when the defendant is arraigned on a felony complaint, or when an arrest warrant is issued, if the warrant meets certain criteria.  (§ 804, subds. (a), (c), (d).)

Here, although the crime was committed on February 29, 2004, the complaint was not filed until May 16, 2011.  The arrest warrant was issued that same day.  Accordingly, the earliest date on which the prosecution commenced was May 16, 2011, more than seven years after the incident occurred.

When a charging document indicates on its face that the prosecution is time-barred and does not contain any information relevant to tolling the statute of limitations, "a person convicted of a charged offense may raise the statute of limitations at any time," either in the trial court or for the first time on appeal.  (*People v. Williams*, *supra*, 21 Cal.4th at pp. 338-341.)  In this case, neither the original complaint nor the information on which defendant was tried included any allegations relevant to whether the statute of limitations barred the action.  However, the issue of the statute of limitations was not raised in the trial court.

6

When the issue has not been raised in the trial court but is asserted for the first time on appeal, the appellate court must review the record and determine whether it contains sufficient information for the court to determine whether the prosecution was time-barred. If the record does not contain sufficient information for the appellate court to make that determination, the court should remand the matter for a hearing in the trial court for the purpose of making that determination. (*People v. Williams*, *supra*, 21 Cal.4th at p. 341.)

Defendant argues that because the record does not disclose any facts which suggest that the statute of limitations might have been tolled—such as defendant having been absent from the state for a period of time following the crime (§ 803, subd. (d))[3]— and does include information which suggests that defendant remained in the state at all times since the crime, the judgment should be reversed with directions to dismiss the case, rather than remanded for a hearing on the statute of limitations issue. He cites to testimony by his siblings that he never left the state after the incident, and to evidence that he was arrested in Los Angeles in September 2005 and successfully completed drug diversion. In addition, there was evidence that he lived in California with the wife of one of the victims beginning in 2009. Furthermore, he points out, the court and the parties apparently believed that attempted voluntary manslaughter as a lesser included offense was time-barred because it fell outside the six-year statute of limitations. He contends

---

[3] Section 803, subdivision (d), provides that the statute of limitations may be tolled "up to a maximum of three years during which the defendant is not within the state."

7

that this constitutes an implicit concession by the prosecutor that defendant could not have been a fugitive during that period.

What defendant describes as an implicit concession by the prosecution that defendant had remained in the state at all times during the six years following the crime arose when the trial court asked defendant if he wanted the jury instructed on attempted voluntary manslaughter as a lesser included offense. The court informed him that if he did wish to have the jury instructed on attempted voluntary manslaughter, he would have to waive the statute of limitations defense because the statute of limitations had run as to that offense. Defendant chose not to request the instruction.

The prosecutor did not disagree that the statute had run as to attempted voluntary manslaughter. However, the maximum punishment for attempted voluntary manslaughter is five years six months; accordingly, the statute of limitations on that offense is three years, not six.[4] Consequently, the prosecutor conceded at most that the defendant remained in California for three years following the crime; he did not concede that defendant also remained in the state for the next three years.

---

[4] Voluntary manslaughter carries a penalty of three, six or 11 years in state prison. (§ 193, subd. (a).) The maximum sentence for attempted voluntary manslaughter is therefore five years six months, or "one-half the term of imprisonment prescribed [for] the offense attempted." (§ 664, subd. (a).) For a crime which carries a maximum penalty of less than eight years, the statute of limitations is three years. (§§ 801, 805, subd. (a) [for purposes of determining the applicable statute of limitations, the offense is deemed punishable by the maximum punishment prescribed by statute for the offense].)

Contrary to defendant's statements in his briefing that all parties believed that the lesser included offense was barred by a "six-year statute of limitations," no one mentioned the length of the statute of limitations which applies to attempted voluntary manslaughter. The court merely stated that "the statute of limitations has run" on that offense.

And, while defendant is correct that the testimony of his siblings constitutes substantial evidence that he did not leave the state, we nevertheless believe that the record is insufficiently developed to allow us to say with confidence that the prosecution is time-barred.  Therefore, the appropriate step at this juncture is to remand for a hearing to make that determination.  (*People v. Williams*, *supra*, 21 Cal.4th at p. 341.)

## DISPOSITION

The judgment is reversed, and the cause is remanded to the superior court for a determination as to whether the prosecution was time-barred.  If the superior court determines that the prosecution was time-barred, it shall dismiss the case.  If the court determines that the prosecution was not time-barred, it shall reinstate the judgment of conviction.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


McKINSTER_____
J.

We concur:


HOLLENHORST_____
Acting P. J.


KING_____
J.


9