[No. B202492. Second Dist., Div. Five. Dec. 4, 2007.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
VICTOR FIDEL MALDONADO, Real Party in Interest.

## COUNSEL

Steve Cooley, District Attorney, Phyllis Asayama and Patrick D. Moran, Deputy District Attorneys, for Petitioner.

No appearance for Respondent.

Michael P. Judge, Public Defender, Albert J. Menaster, Frederick Brennan and Robert Hill, Deputy Public Defenders, for Real Party in Interest.

## OPINION

## MOSK, J.—

### INTRODUCTION

In an information, defendant and real party in interest Victor Fidel Maldonado (defendant), is charged with continuous sexual abuse of a child (Pen. Code, § 288.5, subd. (a))[1] and lewd acts on a child (§ 288, subd. (a)),[2] which acts constituted "substantial sexual conduct" as defined in section 1203.066, subdivision (b).[3] The information alleges that defendant committed these offenses between August 1, 1992, and August 1, 1996, against his then minor children—a son and a daughter. These children are now adults.

The statute of limitations for violating either section 288 or section 288.5 is six years from the commission of the offense. (§§ 800 & 805, subd. (a).) Section 803, subdivision (f),[4] however, extends the period of limitations until

---

[1] All further statutory references are to the Penal Code. Section 288.5, subdivision (a), provides: "Any person who either resides in the same home with the minor child or has recurring access to the child, who over a period of time, not less than three months in duration, engages in three or more acts of substantial sexual conduct with a child under the age of 14 years at the time of the commission of the offense, as defined in subdivision (b) of Section 1203.066, or three or more acts of lewd or lascivious conduct, as defined in Section 288, with a child under the age of 14 years at the time of the commission of the offense is guilty of the offense of continuous sexual abuse of a child and shall be punished by imprisonment in the state prison for a term of 6, 12, or 16 years."

[2] Section 288, subdivision (a), provides: "Any person who willfully and lewdly commits any lewd or lascivious act, including any of the acts constituting other crimes provided for in Part 1, upon or with the body, or any part or member thereof, of a child who is under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of that person or the child, is guilty of a felony and shall be punished by imprisonment in the state prison for three, six, or eight years."

[3] Section 1203.066, subdivision (b) provides: " 'Substantial sexual conduct' means penetration of the vagina or rectum of either the victim or the offender by the penis of the other or by any foreign object, oral copulation, or masturbation of either the victim or the offender." Reference hereafter to "substantial sexual conduct" is to that term as defined by section 1203.066, "excluding masturbation that is not mutual" as provided in section 803, subdivision (f)(2)(B).

[4] Section 803, subdivision (f), provides: "(1) Notwithstanding any other limitation of time described in this chapter, a criminal complaint may be filed within one year of the date of a report to a California law enforcement agency by a person of any age alleging that he or she, while under the age of 18 years, was the victim of a crime described in Section 261, 286, 288, 288a, 288.5, or 289, or Section 289.5, as enacted by Chapter 293 of the Statutes of 1991 relating to penetration by an unknown object. [¶] (2) This subdivision applies only if all of the following occur: [¶] (A) The limitation period specified in Section 800, 801, or 801.1, whichever is later, has expired. [¶] (B) The crime involved substantial sexual conduct, as described in subdivision (b) of Section 1203.066, excluding masturbation that is not mutual. [¶] (C) There is independent evidence that corroborates the victim's allegation. If the victim

one year from the date of a report to a California law enforcement agency by a person alleging he or she, while a minor, was the victim of a violation of specified statutes, including sections 288, subdivision (a) and 288.5, subdivision (a), provided the following criteria are met: (1) the limitation period has otherwise expired; (2) the reported crime involved substantial sexual conduct; (3) there is admissible, independent evidence that corroborates the victim's allegations.

In this proceeding, the People challenge respondent court's order granting defendant's motion to dismiss the information, which motion was based on the ground that the prosecution failed to initiate a criminal complaint within six years of the offense or within one year of the date of a report of unlawful sexual abuse to a California law enforcement agency. Respondent court determined that the one-year limitations period commenced when defendant's daughter reported to the police in 2001 that defendant committed acts against her that were violations of sections 288, subdivision (a) or 288.5, subdivision (a), even though the report did not include allegations of substantial sexual conduct. Respondent court granted the motion as to the two counts pertaining to defendant's daughter.

We conclude that the proper interpretation of section 803, subdivision (f) is that the one-year period of limitations provided by that statute begins when the victim reports acts that not only violate the specified statutes, but that also involve substantial sexual conduct. Thus, the one-year period of limitations under that provision does not begin to run upon a report of unlawful sexual conduct that does not include allegations of substantial sexual conduct.

## FACTS AND PROCEDURAL HISTORY

The two victims in this sex abuse case are defendant's daughter (now 21) and son (now 22). The daughter initiated prosecution of this case after she contacted the Monrovia Police Department in June 2006. At that time, both victims relayed accounts of ongoing sexual abuse by defendant from approximately 1989 through 1997, when the victims were minors. The son told the police he did not report these acts at the time they occurred because defendant repeatedly threatened to kill him. The daughter testified at defendant's preliminary hearing that her mother knew of the abuse but told her not to report it because "only God would judge," and it would be wrong for her

---

was 21 years of age or older at the time of the report, the independent evidence shall clearly and convincingly corroborate the victim's allegation."

to put her father in jail, which event would result in the breakup of the family and inability of the children to see each other. The son and the daughter decided to come forward in 2006 because they feared for defendant's two young children.

The daughter had first reported some of the acts to her mother in December 2001, when she was 16 years old. She testified at defendant's preliminary hearing that one evening the family was watching a movie about a priest molesting young children. She began to shake and could not breathe. Her mother took her to the hospital where she underwent a series of medical tests. The doctor concluded there was nothing physically wrong with the daughter and recommended counseling. The daughter had only told the doctor that defendant had "touched her breasts" when she was 6 or 7 years old. The counselor made a report, and the Los Angeles County Department of Children and Family Services (DCFS) became involved.

DCFS's written reports vary as to the extent of the acts defendant allegedly committed. In the initial DCFS "Screener Information," dated December 6, 2001, a caller reported that according to the mother, the daughter had said that defendant "touched her breasts when she was 6 or 7 years old and it didn't happen often but occurred for one year." DCFS investigated the matter and interviewed the daughter, the son, and their mother. In an "Investigation Narrative," dated December 7, 2001, the daughter stated that "about 7 or 8 years ago her father had touched her all over her body and particularly her breast and 'by her legs.' " Both the daughter and the son then denied any current sexual or physical abuse. The son denied having been abused by defendant and denied any knowledge of the abuse against the daughter. The DCFS social worker spoke with a Monrovia Police Department officer, who said that his department "had investigated the referral but would not pursue it any further because the incident occurred 7 years ago and he did not feel that the child was in danger."[5]

The prosecution initiated this case on December 5, 2006, with the filing of a four-count information. Counts 1 and 3 concerned the acts against the

---

[5] In 2001, the then section 803, subdivision (f)—which has been repealed—provided that a criminal complaint could be filed within one year of the date of a report by a minor to a responsible adult or agency that the child was a victim of a crime described in, inter alia, sections 288 and 288.5, so long as, inter alia, defendant has committed at least one violation of the specified sections against the same victim within the limitations period specified for that crime in section 800, 801 or 801.1—the maximum being six years. Here, the report did not refer to a violation within the six-year limitations period. Thus, the crime reported by the daughter in 2001 would have been barred by the statute of limitations in effect at the time.

daughter in violation of sections 288, subdivision (a) and 288.5, subdivision (a), which crimes involved substantial sexual conduct. Counts 2 and 4 involved the acts against the son. At defendant's preliminary hearing, both the daughter and the son testified to ongoing sexual abuse by defendant over a period of years when they were minors.

Defendant filed a motion to dismiss all counts on the ground that they were time-barred, arguing that the December 2001 report to the Monrovia Police Department put the People on notice that defendant had committed acts that constituted at least a violation of section 288, and the People should have filed a criminal complaint as to all charges within one year of the December 2001 report in order to avoid the bar of the statute of limitations. In opposition to the motion, the People argued that the December 2001 report to Monrovia police did not trigger the one-year limitations period because the acts reported by the daughter did not amount to substantial sexual conduct, one of the requirements of section 803, subdivision (f)(2). Respondent court granted the motion to dismiss the counts concerning the daughter, but denied it as to the counts pertaining to the son. The People petitioned for a writ of mandate commanding respondent court to set aside its order dismissing counts based on the statute of limitations. We issued an order to show cause and stayed the trial.

## DISCUSSION

"Beginning in the late 1980's, lawmakers across the country became increasingly aware that young victims often delay reporting sexual abuse because they are easily manipulated by offenders in positions of authority and trust, and because children have difficulty remembering the crime or facing the trauma it can cause. Hence, states which traditionally limited the time for prosecuting child molestation in a manner similar to sections 800 and 801 have started to substantially increase the time in which criminal charges can be filed after the assault occurred. . . . The new longer statutes of limitation are based on the apparent premise that . . . sex crimes against children would otherwise go largely unpunished." (*People v. Frazer* (1999) 21 Cal.4th 737, 744 [88 Cal.Rptr.2d 312, 982 P.2d 180], fn. omitted, overruled on other grounds in *Stogner v. California* (2003) 539 U.S. 607, 649–650 [156 L.Ed.2d 544, 123 S.Ct. 2446].)

■ In 1993, the Legislature enacted the provision extending the six-year statute of limitations (§§ 800, 805, subd. (a)) for specified offenses until one

year after a report to law enforcement, so long as the limitations period had otherwise expired and the crime involved substantial sexual conduct. (Stats. 1993, ch. 390, § 1, pp. 2224, 2226.)[6] This enactment occurred prior to the running of any applicable statute of limitations for the criminal acts alleged against defendant here.[7] Section 803, subdivision (f)(1) provides that the period of limitations does not expire until one year after "the date of a report to a California law enforcement agency by a person of any age alleging that he or she, while under the age of 18 years, was the victim of a crime described in Section . . . 288, 288a, 288.5 . . . ." Section 803, subdivision (f)(2) provides that section 803, subdivision (f)(1) only applies if the period of limitations has expired, there is independent evidence to corroborate the victims allegations, and "[t]he crime involved substantial sexual conduct, as described in subdivision (b) of section 1203.066 . . . ."

■ In interpreting statutory language, the court's objective is to ascertain the intent of the Legislature in order to effectuate the purpose of the law. (*Doe v. City of Los Angeles* (2007) 42 Cal.4th 531, 543 [67 Cal.Rptr. 3d 330, 169 P.3d 559] (*Doe*); *People v. Aston* (1985) 39 Cal.3d 481, 489 [216 Cal.Rptr. 771, 703 P.2d 111].) In determining that intent, the court looks first to the words themselves. (*People v. Woodhead* (1987) 43 Cal.3d 1002, 1007 [239 Cal.Rptr. 656, 741 P.2d 154].) Only if the "plain meaning of the statutory text

---

[6] Section 803, subdivision (f) had a previous version that took effect January 1, 1994, as section 803, subdivision (g) and later became section 803, subdivision (h) and provided as follows: "Notwithstanding any other limitation of time described in [section 799 et seq.], a criminal complaint may be filed within one year of the date of a report to a law enforcement agency by a person of any age alleging that he or she, while under the age of 18 years, was the victim of a crime described in Section 261 [rape], 286 [sodomy], 288 [lewd conduct], 288a [oral copulation], 288.5 [continuous sexual abuse], 289 [sexual penetration by foreign object], or 289.5 [fleeing sex offender]. This subdivision shall apply only if both of the following occur: [¶] (1) The limitation period specified in Section 800 or 801 has expired. [¶] (2) The crime involved substantial sexual conduct, as described in subdivision (b) of Section 1203.066, excluding masturbation which is not mutual, and there is independent evidence that clearly and convincingly corroborates the victim's allegation. No evidence may be used to corroborate the victim's allegation which would otherwise be inadmissible during trial. Independent evidence shall not include the opinions of mental health professionals." (Stats. 1993, ch. 390, § 1, p. 2224; see *People v. Frazer, supra*, 21 Cal.4th at p. 745, fn. 4.) This language was in effect during 2001, when the daughter's first report was made.

[7] *Stogner v. California, supra*, 539 U.S. 607, held that section 803, subdivision (g), referred to in footnote 6, *ante*, violated constitutional ex post facto principles (U.S. Const., art. I, § 10, cl. 1) when applied to (and which revives) prosecution of crimes already time-barred at the time the law was enacted. The prosecution does not rely upon section 801.1 (Stats. 2004, ch. 36, § 1) allowing for prosecution any time before the victim's 28th birthday regardless of when the crimes were reported. That section does not apply here because it was enacted more than eight years after the alleged offenses in this case were committed and more than one year after the 2001 report made by the daughter. Retroactive application of the statute under these circumstances would have constitutional infirmities. (*Stagner v. California, supra*, 539 U.S. 607.)

is insufficient to resolve the question of its interpretation" do courts turn to other methods of interpretation—" 'legislative history of the statute and the wider historical circumstances of its enactment,' " the "impact of an interpretation on public policy," and " 'the consequences that will flow from a particular interpretation.' " (*Mejia v. Reed* (2003) 31 Cal.4th 657, 663 [3 Cal.Rptr.3d 390, 74 P.3d 166].) With respect to public policy and the consequences of an interpretation, courts have looked to the reasonableness of a proposed interpretation. (See *MacIsaac v. Waste Management Collection & Recycling, Inc.* (2005) 134 Cal.App.4th 1076, 1082 [36 Cal.Rptr.3d 650].) We rely primarily on the plain meaning of the statute.

■ We read section 803, subdivision (f) as providing that when a report of sexual abuse occurs that involves substantial sexual conduct, the period of limitations is one year from *that report*, so long as other requirements are met. The statute does not state that when there is a report of sexual conduct not involving substantial sexual conduct, the period of limitations begins to run as to unreported sexual abuse involving substantial sexual conduct.

If there is no prosecution within the applicable period of limitations after a report of unlawful sexual abuse not involving substantial sexual conduct, such a prosecution will be barred. Such a bar would not under section 803, subdivision (f), however, apply to the prosecution of a sexual abuse crime involving substantial sexual conduct reported later. This later report would activate the one-year period of limitations. For statute of limitations purposes, the later report is separate from and different than the earlier report.

The *crime* under section 803, subdivision (f) that is subject to the extension of the period of limitations is one that involves substantial sexual conduct. It makes no sense to allow a report of a sexual abuse crime not involving substantial sexual conduct to trigger the period of limitations when substantial sexual conduct is a requirement for section 803, subdivision (f) to apply at all. (See *Lewis v. Superior Court* (1990) 217 Cal.App.3d 379, 397 [265 Cal.Rptr. 855] ["[n]or would it make sense so to read the statute"].) In order to harmonize subdivision (f)(1) and (f)(2) of section 803, the report to a law enforcement agency under subdivision (f)(1) must refer to unlawful sexual abuse acts involving substantial sexual conduct. (See *Palos Verdes Faculty Assn. v. Palos Verdes Peninsula Unified Sch. Dist.* (1978) 21 Cal.3d 650, 659 [147 Cal.Rptr. 359, 580 P.2d 1155] ["[T]he various parts of a statutory enactment must be harmonized by considering the particular clause or section in the context of the statutory framework as a whole"].)

Although we rely on the plain meaning of the statute, other recognized interpretive devices are consistent with our interpretation. For example, our interpretation is consistent with the " 'wider historical circumstances of [the statute's] enactment' " (*Mejia v. Reed, supra,* 31 Cal.4th at p. 663), which were the concerns with statutes of limitations barring prosecution of serious sexual crimes against minors when there were delays in reporting the crimes. Allowing a report of less severe sexual abuse that is not prosecuted within the limitations period to bar later prosecution of a later-reported crime involving more serious sexual abuse would be inconsistent with the purposes of the statute.

In addition, defendant's interpretation of the statute could lead to unfortunate consequences. (See *Doe, supra,* 42 Cal.4th at p. 543 [court to " 'ascertain the most reasonable interpretation of the measure' "].) Under that interpretation, if the requirement of substantial sexual conduct is not apparent from the report of unlawful sexual abuse, law enforcement would not know whether the reported act was time-barred. Here, in 2001, law enforcement had only a report of an offense that was barred by the statute of limitations and did not qualify for a limitations extension under section 803, subdivision (f). That crime was not prosecuted.

Defendant suggests that our interpretation of the statute would result in multiple prosecutions over periods of years and "[v]engeful victims," "[u]nscrupulous police officers and victim's advocates would be tempted to coach false allegations to enable prosecution of previously rejected claims" and claims barred by the statute of limitations. But under our interpretation, multiple prosecutions would not occur if the crimes not involving substantial sexual conduct reported are barred by the six-year statute of limitations. If those crimes are not barred and are prosecuted, it seems unlikely that crimes involving substantial sexual conduct would not be prosecuted with the other crimes. Moreover, the same "unscrupulous" or "vengeful" conduct defendant hypothesizes is possible under his theory: if a victim reports a violation of the specified sexual abuse statutes after the six-year limitations period has run, there might be a motivation to obtain "false allegations" of substantial sexual conduct to avoid the bar of the statute of limitations.

Defendant further argues that under our interpretation, "[i]nvestigators would feel no urgency to uncover the whole truth because they would know that any crimes they might miss could be prosecuted deep into the future." It is difficult to fathom why investigators would be so motivated. Investigators

should have the incentive to obtain as soon as possible *reports* of substantial sexual conduct to avoid the bar of the statute of limitations, to spare victims the ordeal of multiple prosecutions, and to avoid the difficulties in prosecuting old claims.

■ Defendant has raised only the issue of the interpretation of section 803, subdivision (f), and that is the issue we decide. Respondent court incorrectly interpreted that statute and should not have dismissed the counts pertaining to the daughter based on that erroneous interpretation. Defendant is not foreclosed from contending that there is insufficient evidence that the acts in question involved substantial sexual conduct. (See *People v. Williams* (1999) 21 Cal.4th 335, 341 [87 Cal.Rptr.2d 412, 981 P.2d 42]; *People v. Terry* (2005) 127 Cal.App.4th 750, 774 [26 Cal.Rptr.3d 71].)

## DISPOSITION

The petition for writ of mandate is granted. A peremptory writ shall issue directing respondent court to vacate its order of August 22, 2007, granting in part defendant's motion to dismiss, and enter a new and different order denying the motion in its entirety.

Kriegler, J., concurred.

**TURNER, P. J.,** Concurring.—I concur in the judgment. I believe that Penal Code section 803, subdivision (f)(2)(B) with its reference to "[t]he crime" is ambiguous. At one point, Penal Code section 803, subdivision (f)(1) refers to a report by a victim "of a crime described in Section . . . 288." Later in Penal Code section 803, subdivision (f)(2)(B) there is the requirement that the "crime" involve substantial sexual conduct within the meaning of Penal Code section 1203.066. Defendant argues that the mere reporting of a violation of Penal Code section 288 triggers the one-year statute of limitations. By contrast, the prosecution contends that the initial report of the crime must involve substantial sexual conduct within the meaning of Penal Code section 1203.066. The nonspecific use of the term "crime" in both parts of section 803, subdivision (f) creates an ambiguity, which permits the use of legislative history materials. (*Gattuso v. Harte-Hanks Shoppers, Inc.* (2007) 42 Cal.4th 554, 567 [67 Cal.Rptr.3d 468, 169 P.3d 889]; *Doe v. City of Los Angeles* (2007) 42 Cal.4th 531, 543–544 [67 Cal.Rptr.3d 330, 169 P.3d 559].)

The provision extending the statute of limitations until one year after a report to law enforcement was first adopted in 1993. (Stats. 1990, ch. 587, § 2, p. 2997; Stats. 1993, ch. 390, § 1, p. 2224.) All of the legislative materials clarify the crime that triggers the one-year period of limitations is the one referred to in Penal Code section 803, subdivision (f)(2)(B); one that involves substantial sexual conduct. The Legislative Counsel's Digest for Assembly Bill No. 290 (1993–1994 Reg. Sess.) (5 Stats. 1993, Summary Dig., p. 142) states: "(1) Existing law establishes statutory limitation periods for commencing criminal actions, as specified. Under those provisions, existing law generally requires the prosecution of a felony to be commenced within 3 years, except that if an offense is punishable by imprisonment for 8 years or more, prosecution is required to be commenced within 6 years. [¶] (2) . . . [¶] The bill also would provide that notwithstanding other limitations of time, as specified, a criminal complaint may be filed within one year of the date of a report to a law enforcement agency by a person of any age alleging that he or she, while under the age of 18 years, *was the victim of a specified sex crime*. These provisions would apply only if the specified limitation period in (1) above has expired, *the crime involved substantial sexual conduct*, as described, and there is independent evidence that clearly and convincingly corroborates the victim's allegation." (Italics added.) As can be noted, the only reference in the Legislative Counsel's Digest to a crime is to the one reported and that offense must involve substantial sexual conduct.

As is typically the case, like the Legislative Counsel's Digest, committee reports also treat the report of a crime involving substantial sexual conduct as the one that commences the one-year period to commence criminal proceedings by one of the applicable means specified in Penal Code section 804. The bill analysis prepared for the Senate Committee on Judiciary states: "This bill would provide that whenever a person of any age alleges that he or she was a victim *of a specified sex offense*, as defined, when under 18 years of age, a criminal complaint may be filed within one year of the date of a report to a law enforcement agency, *if the offense* was corroborated by clear and independent supporting evidence substantially supporting the victim's allegation, and *involved substantial sexual contact*." (Sen. Com. on Judiciary, Rep. on Assem. Bill No. 290 (1993–1994 Reg. Sess.) as amended Apr. 21, 1993, p. 2, italics added.) At another point, the report states, "Under the new exception to the statute of limitations created by this bill, the offense would need to involve substantial sexual conduct . . . ." (*Id.* at p. 3.) The same language appears in a bill analysis prepared for the Senate. (Sen. Rules Com., Off. of Sen. Floor Analyses, Rep. on Assem. Bill No. 290 (1993–1994 Reg. Sess.) as amended Apr. 21, 1993, p. 1.)

As can be noted, each of the two committee reports equates the offense reported by the victim to law enforcement, which thereby triggers the one-year statute of limitations, with a crime involving substantial sexual contact. No committee report adopts defendant's analysis. No committee report states that the disclosure by a victim of a crime not involving substantial sexual conduct triggers the one-year statute limitations.