Filed 3/11/15  P. v. Jaime CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>VICTOR DIAZ JAIME,<br><br>    Defendant and Appellant. | F067446<br><br>(Super. Ct. No. VCF237696)<br><br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Tulare County.  Joseph A. Kalashian, Judge.

Jeffrey S. Kross, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Carlos A. Martinez and Kelly E. LeBel, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

A jury found appellant Victor Diaz Jaime guilty of sexually molesting two of his nieces in violation of Penal Code[1] section 288, subdivision (a). In a prior opinion (*People v. Jaime* (Nov. 14, 2012, F063282) [nonpub. opn.]) (*Jaime I*)), we determined that prosecution of the charges relating to one of the victims was barred by the statute of limitations and reversed those convictions accordingly. Although Jaime had raised the statute of limitations issue for the first time on appeal, we found his claims to be cognizable pursuant to the California Supreme Court's decision in *People v. Williams* (1999) 21 Cal.4th 335 (*Williams*) (see discussion, *infra*). The jury made findings as to the time period when Jaime committed the acts upon which the reversed counts were based, and the evidence adduced at trial showed those counts were time-barred as a matter of law. However, no such findings were made with respect to the second victim, and the record contained conflicting evidence regarding when her abuse had occurred. Following the procedure set forth in *Williams*, *supra*, we remanded the case and instructed the trial court to make the findings necessary to determine whether the remaining section 288 conviction was also time-barred. On remand, the trial court found that the People satisfied their burden of proving the timeliness of the prosecution by a preponderance of evidence.

Jaime contends that the trial court's findings on remand are precluded by the law of the case doctrine. In doing so, he erroneously asserts that we have already deemed the evidence in the record insufficient to establish the timeliness of the section 288 charge under the applicable standard of proof. No such conclusion was reached in our prior opinion. Rather, we held that an unresolved issue had to be decided by way of further trial court proceedings. After reviewing the basis for the trial court's subsequent findings, we conclude those findings are supported by substantial evidence. The judgment is therefore affirmed.

---

[1] All statutory references are to the Penal Code.

2.

# STATEMENT OF THE CASE[2]

Jaime was charged by information with committing lewd or lascivious acts in violation of section 288, subdivision (a) against victims M.J. (Counts 1-2) and M.S. (Counts 3-5). The information alleged the existence of multiple victims for purposes of the "One Strike Law" (former § 667.61, subd. (b), (c)(7)). A Tulare County jury found Jaime guilty of the crimes charged in Counts 1-3, and likewise found the multiple victim allegations to be true, but convicted him of the lesser included offenses of misdemeanor battery (§ 242) under Count 4 and misdemeanor assault (§ 240) under Count 5. Jaime was sentenced to an aggregate term of 45 years to life in prison on Counts 1-3, consisting of consecutive terms of 15 years to life for each offense, and to time served on Counts 4-5.

The original information alleged that M.J. was victimized between January 1, 1994 and January 1, 1995. At trial, the prosecution was permitted to amend the information to conform to proof by alleging Jaime committed lewd or lascivious acts against M.J. between August 27, 1993 and August 26, 1994. When the jury convicted Jaime, its verdict forms stated that Counts 1 and 2 were based upon conduct which occurred between January 1, 1993 and December 31, 1994. However, M.J.'s own testimony and all of the prosecution's evidence indicated that the crimes occurred no later than August 1994. This was significant because, as appellant established in *Jaime I*, the only way Counts 1 and 2 could have been timely prosecuted would have been if Jaime committed the offenses on or after November 30, 1994, when the One Strike Law first

---

[2] We incorporate by reference the background information and legal analysis set forth in our prior opinion, *Jaime I*, which is briefly summarized here to frame the issues in the present appeal. Our prior opinion is cited and relied upon pursuant to rule 8.1115(b) of the California Rules of Court, as it is relevant under the law of the case doctrine. For this reason we grant appellant's request for judicial notice of our opinion, the appellate record, and the parties' briefing in *Jaime I*.

went into effect. The Attorney General conceded that the requisite circumstances could not be established. Accepting the concession as appropriate, we reversed Jaime's convictions on Counts 1 and 2, ordered them stricken from the judgment, and vacated the portion of his sentence that provided for an indeterminate prison term under Count 3 based on the multiple victim findings.

It was alleged in Count 3 that Jaime committed his first lewd or lascivious act against M.S. sometime between March 1, 1995 and March 1, 1999. A warrant was issued for Jaime's arrest on June 14, 2010, which marked the commencement of his prosecution for statute of limitations purposes. By operation of sections 800, 801.1, and 803 (as those statutes existed during the relevant time periods), the timeliness of Count 3 was and is dependent upon whether or not the first act of molestation happened on or after January 1, 1996. The timeliness of the charge was never challenged prior to the appeal in *Jaime I*, and the jury was not asked to make findings regarding when the behavior in question occurred.

Whereas the untimely nature of Counts 1 and 2 could not be disputed in light of the evidence presented at trial, we concluded in *Jaime I* that it was not possible for us to determine from the record if Count 3 was also time-barred. We remanded the case and instructed the trial court "to hold a hearing, to make findings whether prosecution [of Counts 3-5] was time-barred by the applicable statutes of limitations, and to enter judgment accordingly." Although the jury's verdict provided a range of dates in which the acts related to Counts 4-5 had occurred, we believed additional findings were also necessary to determine whether the limitations period applicable to the lesser included offenses had expired prior to the commencement of prosecution.

On March 22, 2013, the superior court conducted a hearing pursuant to our instructions in *Jaime I*, with the trial judge sitting as the trier of fact as to questions regarding the statute of limitations. Though they were afforded the opportunity to do so, neither of the parties presented new evidence. The prosecution cited trial testimony by

4.

M.S. indicating that the abuse occurred when she was approximately 6 to 9 years old. Based on her date of birth, this matched the time frame alleged in the information, i.e., March 1, 1995 to March 1, 1999. Next, the prosecution argued M.S. had consistently testified that every act of molestation occurred at Jaime's residence on El Monte Way in Dinuba, and cross-referenced Jaime's own testimony that he did not live on El Monte Way until 1997. Defense counsel cited evidence that M.S. had previously told police the first act of molestation occurred in 1995 when she was six years old, and argued that if M.S. was indeed six at the time of the first offense, the incident most likely occurred between March and December of 1995 rather than during the first two months of 1996.

At the conclusion of the hearing, the trial court stated its findings as follows: "I find that the People have met their burden of proof at least by preponderance of the evidence, if not by clear and convincing evidence, for the following reasons: The victim M.S. never wavered as to where this happened. She never said that it happened in more than one house, even though she said they [Jaime and his family] lived in different places. Every time she always said that it occurred at the same place. [¶] Her main memory issue was time, not place. It's common for kids having a problem recalling time. They don't have as much of a problem recalling where something occurred. And it seems pretty obvious that when you take in all the evidence, that what M.S. was claiming happened happened at the El Monte address easily by [the] preponderance of the evidence standard, if not, as I said, by clear and convincing evidence. And if it was at the El Monte address, it had to occur apparently no earlier than 1997, which would put it within the statute of limitations. That's my finding." The court deferred its ruling on the timeliness of Counts 4 and 5, and ultimately dismissed those counts at a subsequent hearing.

On May 28, 2013, the trial court sentenced Jaime on Count 3 to the middle term of six years in prison, with time credits of 664 days. A notice of appeal was filed on June 6, 2013. The crux of Jaime's position in this appeal is that the law of the case doctrine

precluded the trial court from finding Count 3 was timely prosecuted in the absence of any new or previously undisclosed evidence, which the prosecution did not present on remand.

## DISCUSSION

In *Jaime I*, we concluded that the principles articulated in *Williams*, *supra*, governed the issues before us on appeal. The *Williams* defendant was convicted of perjury, even though the crime was alleged to have occurred on a date which fell outside of the applicable statute of limitations. (*Williams*, *supra*, 21 Cal.4th at pp. 338-339.) The error went unnoticed until the matter was up on appeal, and it was only then that the state claimed there were factual circumstances which rendered the prosecution timely despite the facial invalidity of the charging document. (*Ibid*.) The question to be decided by our Supreme Court was whether the defendant had forfeited his right to argue the statute of limitations issue on appeal by failing to contest the timeliness of the charge at the trial court level. The case holds that "when the charging document indicates on its face that the action is time-barred, a person convicted of a charged offense may raise the statute of limitations at any time. If the court cannot determine from the available record whether the action is barred, it should hold a hearing or, if it is an appellate court, it should remand for a hearing." (*Williams*, *supra*, 21 Cal.4th at p. 341.)

In deciding that *Williams* was applicable to the case, our task in *Jaime I* was to assess the timeliness of Count 3 as a matter of law, not as a finder of fact. "Where it cannot be said that as a matter of law the statutory period has run, the issue is a question of fact for the trier of fact." (*People v. Padfield* (1982) 136 Cal.App.3d 218, 225 (*Padfield*).) Although the procedures described by *Williams* were authorized in the context of a bench trial, subsequent case law holds that factual questions concerning the timeliness of a prosecution should be decided on remand by the trial court, even if the defendant was convicted by a jury. (*People v. Lynch* (2010) 182 Cal.App.4th 1262, 1276-1277.) Since the state of the record in *Jaime I* precluded us from determining the

timeliness of Count 3 as a matter of law, it became the province of the trial court to weigh the evidence and make a factual finding as to when the offense had most likely occurred.

The purported basis for this appeal is the law of the case doctrine, but Jaime misconstrues the import of our prior opinion. "'The law of the case doctrine states that when, in deciding an appeal, an appellate court "states in its opinion a principle or rule of law necessary to the decision, that principle or rule becomes the law of the case and must be adhered to throughout its subsequent progress, both in the lower court and upon subsequent appeal …."'" (*People v. Alexander* (2010) 49 Cal.4th 846, 870.) The doctrine encompasses an appellate court's decision on the sufficiency of the evidence. (*Wells v. Lloyd* (1942) 21 Cal.2d 452, 454-455.) Here, however, the only decision of consequence in *Jaime I* was our conclusion regarding the applicability of *Williams* and the need for additional findings of fact on remand.

The cases Jaime relies upon in his briefs involve scenarios where an appellate court reversed true *findings* on prior conviction allegations (i.e., prior "strikes") for lack of sufficient evidence under the substantial evidence standard. (E.g*., People v. Barragan* (2004) 32 Cal.4th 236, 246-247; *People v. Sotello* (2002) 94 Cal.App.4th 1349, 1354-1356; *People v. Scott* (2000) 85 Cal.App.4th 905, 924.) None of those opinions address or concern the *Williams* remand procedure. Again, our prior opinion did not say the evidence in the record was factually insufficient to prove that Count 3 was timely prosecuted. We merely held that the findings necessary for such a determination, of which there were none, would need to be made by the trial court.[3]

---

[3] In fairness to Jaime, we note the Attorney General has erroneously conceded his argument that our prior opinion held the evidence in the record was "insufficient" to show the acts alleged in Count 3 took place on or after January 1, 1996. She claims that on remand the People availed themselves of an exception to the law of the case doctrine by advancing new theories about the existing evidence. We reject the concession as unwarranted, and because her arguments on this point are moot, we decline to address them further.

Our prior opinion cited *People v. Angel* (1999) 70 Cal.App.4th 1141 (*Angel*) as standing for the proposition that the state must prove a charged offense "could only have occurred within the applicable [limitations] period." (*Angel*, *supra*, 70 Cal.App.4th at p. 1147.) We did not specify the standard of proof under which this burden is measured, but it is settled that the timeliness of the charge need only be established by a preponderance of the evidence. (*People v. Riskin* (2006) 143 Cal.App.4th 234, 241; *Padfield*, *supra*, 136 Cal.App.3d at p. 226.) "A party required to prove something by a preponderance of the evidence 'need prove only that it is more likely to be true than not true.'" (*People ex rel. Brown v. Tri-Union Seafoods, LLC* (2009) 171 Cal.App.4th 1549, 1567; accord, *People v. Superior Court (Kaulick)* (2013) 215 Cal.App.4th 1279, 1305, fn. 28 [preponderance standard means "'more likely than not'"].) Therefore, under the law of the case, the prosecution had to show by a preponderance of the evidence that Jaime's first lewd or lascivious act against M.S. could only have occurred within the limitations period, i.e., on or after January 1, 1996. As discussed above, the trial court found that all acts of lewd or lascivious conduct against M.S. occurred from 1997 onward, which would mean the abuse necessarily took place within the statute of limitations.

Our authority to question the trial court's finding is circumscribed by familiar principles of appellate review. "Findings of fact are reviewed under a 'substantial evidence' standard. [Citation.] The standard is deferential: 'When a trial court's factual determination is attacked on the ground that there is no substantial evidence to sustain it, the power of an appellate court begins and ends with the determination as to whether, on the entire record, there is substantial evidence, contradicted or uncontradicted, which will support the determination . . . .'" (*People v. Superior Court (Jones)* (1998) 18 Cal.4th 667, 681, italics omitted.) Evidence is considered substantial if it "reasonably inspires confidence" and is of credible and solid value. (*People v. Raley* (1992) 2 Cal.4th 870, 891.)

M.S. testified that she was molested by Jaime a total of three times; that each incident occurred while she was spending the night with her cousin (Jaime's daughter) at Jaime's home; and that she only spent the night with this cousin on three occasions. The victim did not explicitly state that each offense occurred at the same physical location, but this was strongly implied by the entirety of her testimony. When asked to identify the city and street where her uncle had lived, M.S. replied, "They moved a lot, but they [lived] on El Monte Way" in Dinuba. Elsewhere on direct examination the prosecution inquired, "What was the address where the defendant lived when you spent the night with [his daughter]?" M.S. responded, "That was on El Monte." The victim positively identified the home in photographs and also provided details regarding the layout of its interior.

In response to questioning about the frequency of the abuse, M.S. said, "I can't tell you how many times I went there, because they were family. We were close. So we went there a few times to visit, but I had only spent the night and those incidents only happened three times." On cross-examination, the victim confirmed that the first two incidents occurred in the same place. M.S. was never asked if the same was true of the final incident, but a rational trier of fact could reasonably infer that she would not have continually referred to the El Monte Way home as she did in her testimony if two of the three incidents had occurred at a different location.

Viewing the record in the light most favorable to the judgment, as we must do under the standard of review, we cannot say the evidence was insufficient to support the trial court's conclusion that Jaime more likely than not committed the offense in Count 3 at his home on El Monte Way. By his own admission, Jaime did not reside on El Monte Way until 1997. It follows that the timeliness of his prosecution was established by a preponderance of the evidence, and there are no grounds for reversal.

9.

## **DISPOSITION**

The judgment is affirmed.


_____
Gomes, J.

WE CONCUR


_____
Cornell, Acting P.J.


_____
Kane, J.